## UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

JENNIFER GARCIA,

              Plaintiff,

v.

WASHINGTON REGIONAL
LEGAL COLLECTIONS, and
ANDREW C. COZART,

              Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

### JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.    This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3.    Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

### PARTIES

4.    Plaintiff Jennifer Garcia (hereinafter "Plaintiff"), is a natural person residing in the County of Stearns, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.    Defendant Washington Regional Legal Collections (hereinafter "Defendant WRLC"), operates from an address of P.O. Box 1887 Fayetteville, Arkansas, 72702. Defendant is a "debt collector," as defined by § 1692a(6) of the FDCPA, as it uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

6.    Defendant Andrew C. Cozart (hereinafter "Defendant Cozart"), operates from an address of P.O. Box 1887 Fayetteville, Arkansas, 72702. Defendant is a "debt collector," as defined by § 1692a(6) of the FDCPA, as he uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

**FACTUAL SUMMARY**

7.    On or about December 25, 2015 Plaintiff allegedly incurred an obligation with Washington Regional Medical Clinic and several medical providers, including Charles Musgrove, Eric Goodspeed, Eric Sale, and Mark Moss.

8.    The alleged obligation was primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5). Specifically, it was for medical treatment.

9.  On March 25, 2015, Plaintiff filed for Chapter 7 Bankruptcy in the District of Minnesota, Case No. 15-60591. The debt to Western Regional Medical Clinic was included in the Bankruptcy Petition.

10. On March 22, 2016, Plaintiff's debt was discharged in Bankruptcy. Western Regional Medical Clinic was notified at klayson@wregional.com by the Bankruptcy Noticing Center on March 23, 2016.

11. Sometime prior to July 24, 2020, the debt was assigned to Defendant WRLC to collect.

12. On May 4, 2020, Minnesota Governor Tim Walz signed Executive Order 20-50, which provides in relevant part:

> **3. Beginning immediately, the provisions in Minnesota Statutes 2019, Chapters 571, which permit service of a garnishment summons on a consumer debtor or consumer garnishee, are suspended**. For the purposes of this Executive Order, the terms "Consumer Debtor" and "Consumer Garnishee" have the definition of "debtor" and "garnishee" as used in Minnesota Statutes section 571.712, subdivisions 2(b) and 2(c), when applied to debtors and garnishees who are natural persons and whose debt originated from the purchase of goods or services purchased primarily for a personal, family, or household purpose, and not for a commercial, agricultural, or business purpose.
>
> 4. Beginning immediately, Minnesota Statutes 2019, sections 571.93 through 571.932, which permit prejudgment garnishment on a Consumer Debtor or Consumer Garnishee, are suspended.
>
> **5. Beginning immediately, the provisions of Minnesota Statutes 2019, section 550.011, which permits a judgment creditor to obtain information about a consumer debtor's assets, liabilities, and personal earnings, are suspended.**

(emphasis added).

3

13.     On or about July 24, 2020, Defendant WRLC, through its agent, Defendant Cozart, caused a Writ of Garnishment to be served on Plaintiff's employer, Synapse Center for Health and Healing, in Minnesota.

14.     The cover letter accompanying the Writ of Garnishment provided in relevant part:

> Dear Sir or Madam:
>
> Enclosed herein please find Writ of Garnishment issued in the above-captioned matter. Please pay attention to the Notice on the back of the enclosed Writ. Withholding of the appropriate sum from wages or the entire amount of any other obligations to Defendant(s) must begin at the time you receive this letter.
>
> The mailing of this Writ of Garnishment and said Notice is pursuant to Arkansas Law.
>
> **PLEASE NOTE: YOU ARE REQUIRED TO SEND A COPY OF YOUR <u>SIGNED AND NOTARIZED</u> ANSWER TO ME AT THE ADDRESS LISTED BELOW AS WELL AS FILING A COPY WITH THE COURT.**

(emphasis in original).

15.     Defendants' actions were willful and in full knowledge and awareness of Plaintiff's bankruptcy discharge and that the discharge provisions were in effect.

16.     By serving Plaintiff's employer with garnishment documents when, pursuant to Executive Order 20-50, it could not do so, Defendants engaged in conduct the natural consequence is to harass, oppress, and abuse Plaintiff, in violation of 15 U.S.C. § 1692d.

4

17.    By claiming that Plaintiff was required to provide garnishment information when, pursuant to Executive Order 20-50, Defendants could not ask for this information and Plaintiff was not required to provide it, Defendants used false, deceptive, and misleading representations in connection with debt collection, in violation of 15 U.S.C. § 1692e.

18.    By serving garnishment documents on Plaintiff's employer for a debt that had been discharged in Bankruptcy, Defendants misrepresented the character, amount, or legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

19.    By serving Plaintiff's employer with garnishment documents when, pursuant to Executive Order 20-50, it could not do so, Defendants threatened to take, and took, action that cannot legally be taken, in violation of 15 U.S.C. § 1692e(5).

20.    By claiming that Plaintiff was required to provide garnishment information when, pursuant to Executive Order 20-50, Defendants could not ask for this information and Plaintiff was not required to provide it, Defendants used a false representation or deceptive means to collect a debt or obtain information about a consumer, in violation of 15 U.S.C. § 1692e(10).

21.    By serving garnishment documents on Plaintiff's employer in violation of Minnesota law and despite the Bankruptcy Discharge, Defendants used an unfair and unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f.

## UNAUTHORIZED PRACTICE OF LAW

22.    Minn. Stat. § 481.02 states in pertinent part:

### 481.02 UNAUTHORIZED PRACTICE OF LAW.

Subdivision 1. Prohibitions. **It shall be unlawful for any person or association of persons, except members of the bar of Minnesota admitted and licensed to practice as attorneys at law,** to appear as attorney or counselor at law in any action or proceeding in any court in this state to maintain, conduct, or defend the same, except personally as a party thereto in other than a representative capacity, or, **by word, sign, letter, or advertisement, to hold out as competent or qualified to give legal advice or counsel,** or to prepare legal documents, or as being engaged in advising or counseling in law or acting as attorney or counselor at law, or in furnishing to others the services of a lawyer or lawyers, or, for a fee or any consideration, to give legal advice or counsel, perform for or furnish to another legal services, or, for or without a fee or any consideration, to prepare, directly or through another, for another person, firm, or corporation, any will or testamentary disposition or instrument of trust serving purposes similar to those of a will, or, for a fee or any consideration, to prepare for another person, firm, or corporation, any other legal document, except as provided in subdivision 3.

23.    The transmission of the collections letter by Defendant Cozart representing that he was an attorney, when he was not an attorney authorized to practice within the State of Minnesota, constitutes the unauthorized practice of law with respect to Plaintiff in violation of Minn. Stat. § 481.02, Subd. 1, and Defendant Cozart is therefore liable for Plaintiff's actual damages, attorney's fees, and costs.

24.    It was an independently false and deceptive practice by Defendant Cozart to state, suggest or imply that he was in fact authorized to practice law within the State of Minnesota when he was not.

25.    Defendant Cozart's unauthorized practice of law in Minnesota was also a false and deceptive practice in violation of numerous and multiple provisions

of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2),

1692e(3), 1692e(5), 1692e(9), and 1692e(10).

## WRONGFUL GARNISHMENT

26.    Minn. Stat. § 571.71 provides, in relevant part:

a creditor may issue a garnishment summons as provided in this chapter
against any third party in the following instances:

(1) at the time the civil action is commenced or at any time after the
commencement of the civil action, but before the entry of a judgment, if the
court orders the issuance of the garnishment summons pursuant to
section 571.93;

(2) at any time 45 days or more after service of the summons and complaint
upon the debtor in the civil action when a judgment by default could have,
but has not, been entered pursuant to Rule 55.01(a) of the Minnesota Rules of
Civil Procedure . . . .

(3) at any time after entry of a money judgment in the civil action.

27.    As of the date of this filing, Defendants have not initiated a civil suit in the

state of Minnesota.

28.    The Minnesota Court of Appeals has held that "a foreign-judgment creditor

may not garnish a judgment debtor's assets under Minn. Stat. §§ 571.93 and

571.931 (2002) without first filing and subsequently serving a summons and

complaint in a Minnesota action." *Irwin Union Bank & Tr. Co. v. Speedy Car*

*Wash, Inc.*, 672 N.W.2d 375, 378 (Minn. Ct. App. 2003).

29.    Minn. Stat. § 571.90 states that:

A creditor who serves or causes to be served a garnishment summons before
entry of judgment in the main action, except when garnishment before entry
of judgment is permitted under this chapter, is liable to the debtor named in

7

the garnishment proceedings in the amount of $100, plus actual damages, plus reasonable attorney's fees and costs.

30.    Because Defendants caused to be served a garnishment summons before entry of judgment in the main action, and did not meet one of the exceptions for garnishment before entry of judgment, Defendants are liable to Plaintiff for wrongful garnishment pursuant to Minn. Stat. § 571.90.

## DAMAGES

31.    Defendants infringed upon Plaintiff's rights proscribed by Congress to not be subject to abusive, illegal and unfair debt collection practices.

32.    Defendants caused Plaintiff to expend time and resources to hire an attorney to defend herself and vindicate her rights.

33.    Defendants caused Plaintiff emotional distress and embarrassment.

34.    The conduct of Defendants constitutes numerous violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(2)1692e(5), 1692e(10), and 1692f.

## RESPONDEAT SUPERIOR LIABILITY

35.    The acts and omissions of Defendant Cozart, and/or the other debt collectors employed as agents by Defendant WRLC who communicated with Plaintiff-further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant WRLC.

36.    The acts and omissions by Defendant Cozart and/or these other debt collectors were incidental to, or of the same general nature as, the

responsibilities these agents were authorized to perform by Defendant WRLC
in collecting consumer debts.

37.     By committing these acts and omissions against Plaintiff, Defendant Cozart
and/or these other debt collectors were motivated to benefit their principal,
Defendant WRLC.

38.     Defendant WRLC is therefore liable to Plaintiff through the Doctrine of
Respondeat Superior for the intentional and negligent acts, errors, and
omissions done in violation of federal law by Defendant Cozart and its other
collection employees, including but not limited to violations of the FDCPA,
Bankruptcy Discharge, and other causes of actions listed below, in their
attempts to collect this debt from Plaintiff.

## STANDING

39.     Standing is proper under Article III of the Constitution of the United States
of America because Plaintiff's claims state:

  a.  a valid injury in fact;

  b.  which is traceable to the conduct of Defendants;

  c.  and is likely to be redressed by a favorable judicial decision.

  d.  *See Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547 (2016), and *Lujan v.
      Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

40.     In order to meet the standard laid out in *Spokeo* and *Lujan,* Plaintiff must
clearly allege facts demonstrating all three prongs above.

*The "Injury in Fact" Prong*

9

41.     Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo. Id.*

42.     For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists.   In the present case, Defendants engaged in violative deceptive and harassing conduct under the FDCPA.   Such conduct and attempts to collect a debt are an invasion of Plaintiff's privacy, and caused emotional distress to Plaintiff.

43.     For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548.  In the instant case, Plaintiff personally suffered emotional distress.

*The "Traceable to the Conduct of Defendant" Prong*

44.     The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that Plaintiff's injury is traceable to the conduct of Defendant.

45.     In the instant case, this prong is met simply by the facts that the violative conduct contemplated in this Complaint was initiated by Defendants directly, or by Defendants' agent at the direction of Defendants.

*The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong*

46.     The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

47.     In the present case, Plaintiff's Prayers for Relief include a request for statutory and actual damages. The damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.

48.     Furthermore, the award of monetary damages redress the injuries of the past, and prevent further injury by Defendants in the future.

49.     Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), Plaintiff has standing to sue Defendants on the stated claims.

## TRIAL BY JURY

50.     Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7; Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

51.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(3), 1692e(5), 1692e(9), 1692e(10), and 1692f, with respect to Plaintiff.

53.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to
       actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an
       amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and
       reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3),
       from Defendant.

### COUNT II.

### MALICIOUS PROSECUTION

54.    Plaintiff incorporates by reference all of the above paragraphs of this
       Complaint as though fully stated herein.

55.    The Minnesota Court of Appeals has held that to state a claim for malicious
       prosecution, a plaintiff must demonstrate that "(1) the action was brought
       without probable cause or reasonable belief that the plaintiff would
       ultimately prevail on the merits; (2) the action must be instituted and
       prosecuted with malicious intent; and (3) the action must terminate in favor
       of [appellant]." *Dunham v. Roer*, 708 N.W.2d 552, 569 (Minn. App. 2006)
       (quoting *Kellar v. VonHoltum,* 568 N.W.2d 186, 192 (Minn. App.
       1997), *review denied* (Minn. Oct. 31, 1997). "Probable cause for pursuing a
       civil action consists of such facts and circumstances as will warrant a
       cautious, reasonable and prudent person in the honest belief that his action
       and the means taken in prosecution of it are just, legal and proper." *Id.* (citing
       *First Nat'l Bank of Omaha v. Marquette Nat'l Bank,* 482 F.Supp. 514, 522–23

(D. Minn. 1979), *aff'd,* 636 F.2d 195 (8th Cir. 1980), *cert. denied,* 450 U.S. 1042 (1981)).

56.     Defendant Cozart lacked the requisite probable cause to believe that he could prevail in the instant matter because Plaintiff's debt had been discharged in Bankruptcy and Executive Order 20-50 temporarily banned consumer garnishment proceedings in Minnesota. A "cautious, reasonable, and prudent" person would not have an honest belief that the instant action against Plaintiff under these circumstances was "just, legal and proper."

57.     The suit was instituted with malicious intent as evidenced by the fact that Defendant Cozart was clearly barred from doing so.

58.     Defendant Cozart's conduct as further described herein therefore states a claim for malicious prosecution with respect to Plaintiff.

## COUNT III.

## ABUSE OF PROCESS

59.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60.     "The essential elements for a cause of action for abuse of process are the existence of an ulterior purpose and the act of using the process to accomplish a result not within the scope of the proceedings in which it was issued, whether such result might otherwise be lawfully obtained or not." *Dunham,* 708 N.W.2d at 571 (Minn. Ct. App. 2006) (quoting *Kellar,* 568 N.W.2d at 192). "[T]he test is whether the process was used to accomplish an

13

unlawful end for which it was not designed or intended, or to compel a party to do a collateral act which he is not legally required to do." *Id.* (quoting *Kittler & Hedelson v. Sheehan Props., Inc.*, 295 Minn. 232, 239, 203 N.W.2d 835, 840 (1973)).

61.   By serving garnishment documents on Plaintiff's employer, Defendants had an ulterior purpose in attempting to make Plaintiff pay this alleged debt.

62.   By commencing the second civil suit, Defendants sought to compel Plaintiff to do a collateral act which Plaintiff was not legally required to do, namely to provide garnishment information for a consumer debt.

63.   Defendants' conduct as further described herein therefore states a claim for an abuse of process with respect to Plaintiff.

## COUNT IV.

## UNAUTHORIZED PRACTICE OF LAW

## MINN. STAT. § 481.02

64.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65.   Defendants' foregoing acts as described herein in attempting to collect these alleged debts by sending garnishment papers to Plaintiff's employer on behalf of its corporate client was the unauthorized practice of law in Minnesota.

66.   In particular, Defendants would have to domesticate the judgment before garnishing wages in Minnesota, but Defendant Cozart is not licensed to practice in that state.

67.   Plaintiff is therefore entitled to declaratory relief pursuant to Minn. Stat. § 481.02 subd. 8, and § 8.31 subdivisions 3 and 3a, declaring Defendants' actions as described herein to be the unauthorized practice of law in violation of Minn. Stat. § 481.02.

68.   Plaintiff is entitled to injunctive relief pursuant to Minn. Stat. § 481.02 subd. 8, and § 8.31 subdivisions 3 and 3a, enjoining Defendants from engaging in the unauthorized practice of law in violation of Minn. Stat. § 481.02.

69.   Plaintiff is entitled to Plaintiff's attorney's fees, costs of investigation, and costs pursuant to Minn. Stat. § 481.02 subd. 8, and § 8.31 subdivisions 3 and 3a.

## COUNT V.

## BANKRUPTCY DISCHARGE VIOLATION

### 11 U.S.C. § 524

70.   Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

71.   Section 524(a)(2) of the Bankruptcy Code provides that Plaintiff's bankruptcy discharge operates as an injunction against "the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset

any such debt as a personal liability of the debtor, whether or not the discharge of such debt is waived."

72.    Defendants' actions violated the automatic discharge. Specifically, Defendants sent garnishment papers to Plaintiff's employer in order to collect on the debt. Defendants are in violation of the Bankruptcy Discharge Order.

73.    Defendants' actions were willful and in full knowledge and awareness of Plaintiff's bankruptcy discharge.

74.    The knowing, conscious, deliberate, and willful violations of the Discharge Order by Defendants are in contempt of the bankruptcy court and are punishable under Section 105(a) of the Bankruptcy Code.

## COUNT VI.

### WRONGFUL GARNISHMENT

75.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

76.    The foregoing acts and omissions by these Defendants in the attempts to collect a consumer debt from Plaintiff violated Minn. Stat. § 571.90 and therefore Plaintiff is entitled to $100, her actual damages, and her reasonable attorney's fees and costs, herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

- Ordering Defendants to cease collection activities against Plaintiff;

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

16

- For an award of statutory damages of $1,000.00 against each and every Defendant, pursuant to 15 U.S.C. §1692k(a)(2)(A);

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

- Declaring Defendants' actions as described herein to be the unauthorized practice of law in violation of Minn. Stat. § 481.02;

- Enjoining Defendants from engaging in the unauthorized practice of law in violation of Minn. Stat. § 481.02;

- Awarding Plaintiff attorney's fees, costs of investigation, and costs pursuant to Minn. Stat. § 481.02 subd. 8, and § 8.31 subdivisions 3 and 3a;

- for an award of actual and compensatory damages against Defendants and for Plaintiff in an amount to be determined by a jury for its malicious prosecution;

- for an award of actual and compensatory damages against Defendants and for Plaintiff in an amount to be determined by a jury for its abuse of process;

- Finding Defendants in contempt of court for having knowingly, willfully, and deliberately violated 11 U.S.C. § 524(a)(2);

- Awarding to Plaintiff compensatory damages and attorney's fees against Defendants for contempt of court and pursuant to 11 U.S.C. § 105(a);

- For an award of statutory damages of $100 against each and every Defendant, pursuant to Minn. Stat. § 571.90.

- For an award of actual damages, and reasonable attorney's fees and costs, pursuant to Minn. Stat. § 571.90.

- For such other and further relief as may be just and proper.

Respectfully submitted,

Dated: _10 - 27 - 20_

By: _[signature]_

Mark L. Vavreck, Esq.
Attorney I.D. #: 0318619
GONKO & VAVRECK PLLC
Designers Guild Building
401 North Third Street, Suite 640
Minneapolis, MN 55401
Telephone: (612) 659-9500
Facsimile: (612) 659-9220
Email: mvavreck@cgmvlaw.com

ATTORNEYS FOR PLAINTIFF

18

## DECLARATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Jennifer Garcia declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Jennifer Garcia